UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RONALD ACKRIDGE,

      Plaintiff,

v.

THE COUNTY OF WESTCHESTER;
CORRECTION OFFICER DOWNEY;
OFFICERS JOHN DOE,

      Defendants.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

16 CV 6082 (VB)

Briccetti, J.:

  Plaintiff Ronald Ackridge, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983, alleging defendants violated his constitutional rights by using excessive force against him while he was incarcerated at Westchester County Jail ("the facility"). In particular, plaintiff alleges on February 4, 2016, when plaintiff was "being processed . . . in the booking room area" of the facility, he was "physically assaulted and battered by, C.O. Downey," causing "substantial pain to [his] left arm and left side of back." (Compl. ¶¶ 9–11).

  Before the Court is defendants' motion for summary judgment. (Doc. #25).

  For the reasons set forth below, defendants' motion is DENIED.

  The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

  The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when it "might affect the outcome of the suit under the governing law. . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if there is

sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See id. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal citations omitted). The "mere existence of a scintilla of evidence in support" of the non-moving party's position is insufficient; "there must be evidence on which the jury could reasonably find" for him. Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

Here, defendants argue they are entitled to summary judgment because plaintiff did not file a grievance related to the February 4, 2016, incident.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under . . . Federal law[ ] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). However, only those remedies that are "available" to the prisoner may be exhausted. Williams v. Correction Officer Priatno, 829 F.3d 118, 123 (2d Cir. 2016) (citing Ross v. Blake, 136 S. Ct. 1850, 1856 (2016)). Of relevance here, administrative remedies are considered unavailable

when "prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S. Ct. at 1853–54.

Defendants contend that, on February 4, 2016, they provided plaintiff with a copy of an Inmate Handbook Rules and Regulations ("handbook"), which explains the grievance process, and that he signed an acknowledgment of receipt of the handbook on the same day. They also point out that plaintiff filed six grievances during his eight-month incarceration at the facility. Moreover, they highlight the fact that plaintiff admitted on the record that he did not file a grievance related to the incident at issue here.

However, in opposition to defendants' motion, plaintiff submitted an "affirmation" in which he "affirmed under penalty of perjury" that "the reason he did not file [a] grievance" was because corrections officers "claimed that there was none available." (Opp'n at 1, 3). Specifically, plaintiff averred when he was first brought to the facility, he was placed in a Special Housing Unit for "psych inmates" and that "during the period on 2/5/16 thru approx. 2/14/16 Plaintiff made several requests for grievance forms," but that "each time . . . the Correction Officer would tell plaintiff he would be right back with one, but would never bring it, or that there was no grievances in the Control Office." (Id. at 1–2). Plaintiff further asserts he was transferred to a "general population" block on February 14, 2016, but when he tried to submit a grievance at that time the "Sector Sergeant . . . refused to accept the grievance because more than 5 days had passed since the 2/4/16 incident." (Id.).

Although the Court is dubious of the veracity of plaintiff's assertions on this point— which are raised for the first time in opposition to defendants' motion—it must "construe the facts in the light most favorable to the non-moving party." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). Moreover, there is no countervailing evidence before

the Court that affirmatively undermines plaintiff's version of events (i.e., there is no documentation showing plaintiff was not housed in a special housing unit when he arrived at the facility, or evidence showing plaintiff submitted other grievances during the ten days he claims he was thwarted from doing so). As a result, the Court concludes there is a genuine issue of material fact regarding whether the necessary administrative remedies were available to plaintiff with respect to the incident in question.

Accordingly, summary judgment is inappropriate at this stage.

## CONCLUSION

Defendants' motion for summary judgment is DENIED without prejudice to renewal on the same or other grounds once discovery is completed.

A civil case discovery plan and scheduling order will be docketed separately.

The Clerk is instructed to (i) terminate the motion (Doc. #25) and (ii) mail a copy of this Order to plaintiff at the address that appears on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444–45 (1962).

Dated: August 14, 2017
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

4